(No. 3767—

THE CATHOLIC BISHOP OF CHICAGO, A CORPORATION, SOLE OWNER AND OPERATOR OF MOUNT CARMEL CEMETERY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

JAMES J. O'BRIEN, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on the 2nd day of December, 1942, seeking an award in the sum of One Hundred Twelve ($112.00) Dollars, for hauling and erecting twenty-eight "free government headstones" at the graves of deceased veterans whose names, rank and division to which they belonged, is shown in detail in the complaint.

The sum claimed, when broken down, represents a charge of $4.00 per headstone.

The invoices, one dated September 28th, 1942, in the amount of $64.00 and the other dated October 2nd, 1942, in the amount of $48.00, copies of which are attached to this complaint, were presented to the Bureau of War Veterans Graves Registration, Springfield, Illinois, and were returned unpaid because of a lapse of the appropriation out of which these claims should have been paid.

This record consists of the complaint, stipulation of the claimant and the Attorney General, report of the Auditor of Public Accounts, and report of the Brigadier General, Leo M. Boyle, dated December 8th, 1942. Paragraphs five and six of the report of the Brigadier General read as follows: ''The claim for the twenty-eight free government headstones is recognized as valid. Three of the headstones were ordered direct from the War Department, Washington, D. C., by the applicants; twenty-five of the headstones were ordered through the War Veterans Graves Registration. The Superintendent of Mount Carmel Cemetery acknowledges and signs a statement to the effect that each individual government headstone has been erected at the proper designated grave . . .''

Upon a reading of this record, consisting of the above documents the court is convinced that the services were rendered by the claimant and the claims should be paid.

The Brigadier General acknowledges that the services were rendered by claimant, and that the amount is correct and valid and the claim should be paid. The Auditor of Public Accounts acknowledges that an appropriation existed for transporting and setting headstones and incidental expenses at the time the services were rendered by claimant.

We have repeatedly held where claimant has rendered services to the State on the order of one authorized to contract for it, and submits a bill therefor within a reasonable time and due to no fault or negligence on the part of claimant, same is not approved and vouchered for payment, before the lapse of the appropriation from which it is payable, an award for the reasonable value of same may be made, where at the time the services were rendered there were sufficient funds remaining therein to pay same. *Rock Island Sand & Gravel*

*Co.* vs. *State,* 8 C. C. R. 165; *Oak Park Hospital Inc.* vs. *State,* 11 C. C. R. 219, and cases cited thereunder.

This case comes within the rule above set forth. An award is therefore entered in favor of the claimant for the sum of One Hundred Twelve ($112.00) Dollars.